Opinion delivered April 10, 1889.

---

No. 6283.

## CHARLEY WRIGHT v. THE STATE.

PRACTICE—SPECIAL PLEA—CHARGE OF THE COURT.—If upon a criminal trial a special plea is submitted to the jury, the verdict, to be valid, must expressly find that it is true or untrue, and a charge of the court which omits to so instruct the jury is erroneous. The defendant in this case interposed a plea of former conviction, which was neither charged upon by the court nor expressly determined by the verdict. *Held*, that the conviction must be set aside.

Appeal from the County Court of Cooke.     Tried below before the Hon. J. E. Hayworth, County Judge.

This conviction was for exhibiting a gaming table, and the penalty assessed by the verdict was a fine of twenty-five dollars and imprisonment in the county jail for ten days.

No brief on file for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge.   In the trial court the defendant pleaded in due form a former conviction for the same offense.   Evidence was adduced by him in support of said plea, and the court submitted the issue made by said plea and evidence to the jury.   The verdict of the jury does not find whether said plea is true or untrue, but merely finds the defendant guilty as charged, and assesses the punishment.

Where a special plea is submitted to the jury, the verdict must expressly state whether said plea is true or untrue, and an omission to so state is error for which the verdict must be set aside.   (Burks v. The State, 24 Texas Ct. App., 326; Smith v. The State, 18 Texas Ct. App., 329.)   The court in its charge should have instructed the jury explicitly that they must find and state in their verdict whether said plea was true or untrue. Such instruction the court failed to give.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*