## No. 11,496.

### STATE OF LOUISIANA VS. LEONARD LEE ET ALS.

1. Whenever a plea of *autrefois acquit* is demurrable it is triable by the judge and not referable to the jury.
2. The allowance of a severance of trial is matter within the discretion of the judge, except evidence discloses that different defendants have antagonistic defences.
3. An indictment may be fatally defective *quoad* a charge of murder and perfectly good *quoad* a charge of manslaughter.

APPEAL from the Ninth Judicial District Court, Parish of De Soto. *Hall, J.*

---

*M. J. Cunningham*, Attorney General, *J. B. Lee*, District Attorney, and *Scarborough & Carver*, of Counsel:

When two persons are killed, whether by the same or different acts, the two killings constitute different crimes which can only be prosecuted separately.   Wh. Cr. Pl. and Pr., Sec. 468; Wh. Cr. Ev., Sec. 587; 34 An. 1079.

A judge can be lawfully recused only for one of the causes fixed by law.   C. P. 338; Act 40 of 1880, p. 38, and Act 35 of 1882, p 48; Const. 109 and 112.

When a judge is recused, whether of his own volition or on motion of one of the parties or by consent, for a cause not authorized by law, all subsequent proceedings under the lawyer appointed to act as special judge are illegal and absolutely null and void. 27 An. 663, 689; 9 An. 62.

A conviction or acquittal on a trial before a court so constituted does not furnish ground for the plea of *autrefois.*

A conviction or acquittal of the murder of one person does not furnish ground for the plea of *autrefois* when prosecuted for the murder of another person.

Parties jointly indicted not being entitled to a separate trial, as a matter of right, the district judge is vested with the legal discretion to grant or refuse a severance applied for by one of them, and his action will not be reviewed on appeal.

An indictment for a graver offence which includes a lesser may be good for the lesser although bad for the graver; and in such a case, where the accused is convicted of the lesser offence, a motion in arrest should be overruled.   35 An. 1058; Wh. Cr. Pl. and Pr., Sec. 158; Wh. Cr. Ev. 144, 138; 18 N. H. 563.

*Goss & Parsons* and *J. C. Egan* Attorneys for Defendants and Appellants:

In an indictment for murder malice aforethought must be specially charged. State vs. Green, 42 An. 642; 37 An. 776; Whar. Cr. Pl., Sec. 258; Rev. St., Sec. 1048.

When the objections urged in a motion in arrest of judgment are defects of substance and not errors of form they are not waived by pleading *nor cured by verdict.* 11 An. 648; 14 An. 786; 32 An. 562.

In an indictment nothing can be taken by intendment. State vs. Seay, 3 Stew. (Ala.) 123.

Whatever is indispensably necessary to be proved to warrant a conviction must be alleged in the indictment. State vs. Wilson, 2 Mill. (S. C.) Const. 135; State vs. Philbrick, 31 Mo. 401.

It is a general rule that whatever is essential to the gravamen of the indictment must be set out particularly. Arkle vs. State, 31 Ind. 535.

Every indictment must contain and set forth all the ingredients of an offence. State vs. Henderson, 1 Rich. (S. C.) 179.

An indictment must contain a definite description of the crime charged and a statement of the facts which constitute it or judgment will be arrested. Tenn. vs. Fields Mart. and Y. (Tenn.) 137.

An indictment ought to be certain to every intent and without any intendment to the contrary. United States vs. Forest, 3 Cranch. C. C. 56; State vs. Hand, 6 Ark. 165.

Certainty is an essential ingredient in all pleadings, especially in criminal pleadings, where conviction is followed by penal consequences. State vs. Nutwell, 1 Gill. (Md.) 54.

In an indictment for felony all the facts necessary to constitute the offence must be charged by express averments and can not be left to intendment. Kit vs. State, 11 Humph. (Tenn.) 167.

The essential averments of an indictment at common law are necessary. State vs. Flint, 38 An. 1288.

Where one is tried upon the theory that under the indictment he may be found guilty of murder in the first degree, the fact that the jury found a verdict of guilty of murder in the second degree does not cure an error, if any, that the indictment does not properly describe the offence to constitute murder in the first degree. Redus vs. People, 14 P. (Col.) 323.

State vs. Lee et als.

An indictment bad for the main offence charged will not support a conviction for a lesser offence which if it were good would necessarily be included. Ter. vs. Dooly, 4 Mont. 295.

As a general rule whatever objection would have been fatal on demurrer will be fatal on a motion in arrest of judgment. State vs. Gates, 9 An. 94.

In an indictment intended to be for murder the substitution of aforesaid for aforethought is a fatal defect, and can not be held a clerical error, as it is a variance of substance, nor as such is it cured by verdict and a motion in arrest of judgment will be sustained. 42 An. 644.

*Same counsel* on application for a rehearing.

A plea of *autrefois acquit* is sufficient that alleges the identity of the offences, and one act as the cause thereof, and the identity of the evidences to be used in both prosecutions. Such plea is not demurrable on its face, and should be tried by a jury, although the two indictments disclose different persons killed. Clem vs. State, 42 Ind. 420, and authorities cited below.

The rule to determine the identity of the offences and the sufficiency of the plea of *autrefois acquit* is, that the proof to support the second indictment must be such as would have procured a legal conviction upon the first. A. and E. Ency., Vol. 11, 947; Peop. vs. Barrett, 1 John, 66; Com. vs. Cunningham, 13 Mass. 245; Hite vs. State, 9 Yerger, 357; Whar. Cr. Pl., Secs. 456 and 471; 1 Arch. Cr. Pl. and Pr. 112; State vs Vines, 34 An. 1079; State vs. Williams, 45 An. 936.

A motion in arrest of judgment and sentence under the conviction for manslaughter of a defendant tried for murder upon an indictment fatally defective, *quoad* murder, should be sustained, although the indictment was good for manslaughter. Redus vs. Peop., 14 P. (Col.) 323; Ter. vs. Dooly, 4 Mont. 295.

When the objection urged in the motion in arrest of judgment are defects of substance, and not errors of form, they are not waived by pleading nor cured by verdict. 11 An. 648; 14 An. 786; 32 An. 565.

The opinion of the court was delivered by

WATKINS, J. Leonard Lee, having been jointly indicted with C. B.

40

Adams, Douglas Carpenter and Bill Adams, for the murder of Patria Cordoway, was convicted of manslaughter and the other defendants were discharged.   From this verdict and judgment of conviction Lee appeals, relying upon an assignment of errors and three bills of exception, embracing the following objections, to-wit:

(1) That the trial court erred in overruling his plea of *autrefois acquit;* (2) in refusing him a new trial of the aforesaid plea; (3) in disallowing him a severance of trial from the other defendants, and (4) in overruling his motion in arrest of judgment.

### I.

The plea of *autrefois acquit* is predicated upon a previous indictment of Leonard Lee alone, on a charge of the murder of *Tom* Cordoway, of which he was duly acquitted on the day previous to his indictment in the instant case for the murder of *Patria* Cordoway. These facts appearing on the face of the two indictments, the controverted question is, whether this plea was one for the judge or jury to decide: and the judge having decided it, defendants counsel assigns his thus deciding as error.

In our opinion the ruling of the court was correct.   The question of the sufficiency of the plea was made to depend *solely*, in the court below, upon the recitals of the two indictments—notwithstanding some other testimony was adduced—thus presenting a question of law.

The plea was filed at the August term of the court, 1893, and overruled.   There was no bill of exceptions reserved to the judge's ruling.   The court was adjourned for the term, and the trial of the cause was deferred until the February term, 1894.   At this latter term defendant's counsel filed a motion for a new trial of the plea of *autrefois acquit,* which had been overruled at the previous term—assigning as error therein that the question was for the jury and that the judge had decided it.

The judge refused to entertain the motion on the ground that his first ruling was correct, and defendant reserved a bill.

We take it to be clear that the same rule obtains with regard to the allowance *vel non* of a new trial of a simple motion or plea, as of a new trial of the merits of the cause, and, adhering to that rule, we can not reverse the decision of the trial judge, except in case he has committed a manifest error to the injury of the accused.   And the

State vs. Lee et als.

action of the trial court relative to a new trial can not be examined by this court, unless it is brought before us in such manner as to present *an unmixed question of law*. State vs. Bass, 11 An. 478; State vs. Horton, 16 An. 309; State vs. George, 21 An. 473; State vs. Smith, 22 An. 468; State vs. Bower, 26 An. 383; State vs. Washington, 28 An. 129; State vs. White, 35 An. 96.

Taking up the question as we find it in the record, an unmixed question of law, and applying the precepts of our jurisprudence thereto, it is clear that the defendant's plea of *autrefois acquit* was correctly submitted to the trial judge, and disposed of by him in the first instance, and hence the view that was entertained by the judge on the application for a new trial of the plea was correct also.

In State vs. Shaw, 5 An. 342, it was held, that " when the plea of *autrefois acquit* shows on its face that the offence plead was not the same of which the prisoner was before acquitted, the plea may be demurred to, and it is not necessary to submit it to a jury." Citing State of Tennessee vs. Hite, 9 Yerger, 357.

In State vs. Helveston, 38 An. 314, it seems that the plea of *autrefois acquit* was demurred to by the State, tried by the judge, and sustained, and from the judgment the State appealed. But this court, not doubting the jurisdiction of the trial judge to entertain the plea, reversed his finding on the ground " that the offences charged in the two informations are not the same," etc.

In thus demurring, the State in that case followed the common law practice, for it is stated by Mr. Bishop to be the rule that " if the plea is inadequate in form, or if the two indictments are such *that the offences can not be the same*, the prosecuting officer demurs." 1 Bishop's Crim. Proc., Sec. 817.

And the purport of our decision in the recent case of State vs. Emma Williams, 45 An. 936, is that this is a correct rule and is to be followed.

Mr. Wharton announces a like doctrine. Whar. Crim. Pleading, Secs. 482 and 484.

Looking into the defendant's plea of *autrefois acquit* filed in the instant case, we find it to be alleged that he had theretofore been indicted, tried and acquitted of the murder of *Tom* Cordoway—referring to the cause by title and number, and averring that the crime therein charged against him *is identically the same* as that for which he is prosecuted in the indictment in the instant case. But looking

into the indictment in the instant case we find the charge against the defendant to be the murder of *Patria* Cordoway. The two indictments are component parts of the plea, and considering them in connection it is evident that the plea was demurrable, as the crimes charged were not the same.

As this court had occasion to say in quite a similar case:

" The *corpus delicti* in each (case) is in every respect distinct and independent." State vs. Vines, 34 An. 1079.

## II.

This point of objection being necessarily involved, in principle as well as in fact, with the first one, the two were taken together and disposed of at one and the same time.

## III.

The defendant, Lee, filed a motion, praying for a severance of trial from his co-defendants, on the ground, mainly, that his defence was contradictory of that of the other defendants—one of the defendants having, on a former trial, made statements implicating him as a *particeps criminis* to the homicide; and the trial judge having declined to award the severance, he reserved a bill of exceptions.

It is stated by the judge as a reason why he had refused the application " that no sufficient ground for the severance was shown. The district attorney states in his evidence on the trial of the motion that he would offer no confession of either of the four defendants indicted as principals, in which either of the others was involved; and this was strictly adhered to throughout the trial," etc.

The general rule is, that persons jointly indicted are not entitled to a severance of trial as matter of right, though the trial judge may, in the exercise of his discretion, grant a severance. State vs. Leonard, 6 An. 420; State vs. Cozan, 8 An. 109; 1 Bishop Cr. Pr., Sec. 1018; Whar. Cr. Pl., Sec. 309.

It is proper for the judge to grant a severance in case the confession of one jointly indicted may implicate both—in case the prosecution intends to offer same on the trial. 1 Bishop Cr. Pr., Sec. 1019; Whar. Cr. Pl., Sec. 310.

It appears that the district attorney directed the evidence on the part of the State to this exception—disclosing his intention to

be, not to make use of any such confession on the trial, as the defendant apprehended; and it was on that testimony the trial judge rested his declination to grant a severance.

And it is quite apparent that he in no wise abused his discretion in refusing it.

### IV.

The question that is raised for decision on the motion in arrest of judgment is—the indictment charging the defendant, Lee, jointly with several other persons with the murder of Patria Cordoway, and the averment thereof being that the several parties " did wilfully, feloniously, and of *his* malice aforethought, kill and murder Patria Cordoway—" whether the indictment is fatally defective in a matter of substance, because the *singular* pronoun " his " was employed, representing only one of the several persons accused.

The trial judge assigns the following reasons why he declined to entertain defendant's motion, viz.:

" While the indictment is not good for murder, it is good for manslaughter, for which (crime) the defendant is convicted, and he is without interest to inquire as to its sufficiency for murder, since he is acquitted of that (crime)."

It is evident that the judge's ruling was correct. Had all the parties been convicted, or, possibly, if any one of them had been, the indictment would have been held bad, on the authority of State vs. Jones, 45 A. 1454, the doctrine of which case we unhesitatingly affirm.

The case appears to have been correctly disposed of in the court below. Judgment affirmed.

Rehearing refused.