### JAKE JOHNSON V. THE STATE.

*No. 665. Decided February 6.*

1. **Former Conviction—Instructions to Jury.**—Where appellant interposed a plea of "former conviction," and the record fails to disclose any evidence in support of the plea, *Held*, it was not the duty of the court to submit the plea to the jury.

2. **Juror—Qualifications of.**—The fact that one of the jurors who tried this case was a member of the grand jury which presented a bill charging appellant with a similar offense, but not the same ipso facto, does not disqualify the juror.

APPEAL from the County Court of Tarrant. Tried below before Hon. ROBERT G. JOHNSON, County Judge.

Appellant was convicted upon an indictment for playing at a game of cards in a public place, and his punishment assessed at a fine of $10.

*W. Gregg*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Conviction for playing cards in a public place. Appellant interposed a plea of former conviction. There is no evidence in the record. We are not aware whether there was any evidence adduced upon the trial in support of the plea. If there was not, it was not the duty of the court to submit the plea to the jury, and hence no error in the jury not finding upon the plea.

The motion for continuance can not be considered in the absence of the facts.

The fact that one of the jurors who tried the case was on the grand jury which presented a bill charging appellant with a similar offense to this, but not the same ipso facto, does not disqualify the juror. The transactions may have been distinct.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.