THE STATE OF UTAH, Respondent, v. MOSES CREECHLEY, Appellant.

No. 1502.    (75 Pac. 384.)

1. Criminal Law: Pleading: Autrefois Acquit: Verdict.
Revised Statutes 1898, section 4891, providing that verdict on a plea of not guilty shall be either "Guilty" or "Not guilty," which imports a conviction or acquittal on the offense charged, and that on a plea of former conviction or acquittal it shall be either "For the state" or "For defendant," requires a verdict on the latter plea, and, where defendant pleaded not guilty and *autrefois acquit*, it was error to enter judgment on a verdict of guilty.[1]

2. Same: Presumption.
On appeal it was not to be presumed that because the burden of proof was on defendant to establish his defense of *autrefois acquit*, and the evidence was not before the Supreme Court, no evidence was given in support of the plea.
McCARTY, J., dissenting.

(Decided January 22, 1904.)

Appeal from the Second District Court, Morgan County.—*Hon. T. Marioneaux*, Judge.

REVERSED.

The defendant was convicted of perjury and appealed.

*L. R. Rogers, Esq.*, and *John A. Street, Esq.*, for appellant. *S. Francis*, of Counsel.

[1] People v. Kerm, 8 Utah 268, 30 Pac. 988.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

BARTCH, J.—The defendant was charged by information with having committed the crime of perjury. He entered the pleas of "Not guilty" and "Former acquittal." At the trial the jury returned a verdict of "Guilty as charged in the information," but made no finding upon the plea of *autrefois acquit,* and was discharged. The court afterwards entered judgment of conviction, overruled a motion for a new trial, and passed sentence of imprisonment in the penitentiary. Thereupon the defendant appealed.

It is contended for the prisoner that, the jury having failed to make a finding upon the plea of former acquittal, the court erred in pronouncing judgment upon the verdict of guilty. This contention appears to be sound. Our statute in relation to verdicts (section 4891, Rev. St. 1898), so far as material here, provides: "A verdict upon a plea of not guilty shall be either 'Guilty,' or 'Not Guilty,' which imports a conviction or acquittal of the offense charged in the information or indictment. Upon a plea of a former conviction or acquittal of the same offense, it shall be either 'For the State' or 'For the defendant.'"

Under these provisions, whenever a defendant in a criminal action enters the plea of *autrefois acquit* it becomes the plain duty of the court to require the jury, before discharging it, to find upon the issue thus raised. This is so notwithstanding the fact, as insisted by the respondent, that the burden of proving his former acquittal of the same offense is upon the accused. Whether or not there was proof showing a former acquittal of the identical offense, the plea raised a question of fact for the determination of the jury, as much so as the plea of not guilty. This court held likewise in People v. Kerm, 8 Utah 268, 271, 30 Pac. 988, where it was said: "It was the duty of the court at the former trial to require the jury to find on the issue raised

by the plea of former acquittal, and the jury should not have been discharged until they had by their verdict found as to both the issues presented, and if judgment had been entered on the verdict without such finding, it would have been, on appeal, ground for a new trial." So, in this case, the court having discharged the jury without a finding upon that plea, it was ground for a new trial, and the motion therefor ought to have been granted.

The Attorney-General, however, appears to insist, on behalf of the State, that since the evidence introduced at the trial of the cause is not before us, we must presume, the burden of proof being upon the defendant to establish his plea, that there was no evidence introduced in support of the plea of *autrefois acquit,* and that therefore we can not interfere with the judgment. This, under the circumstances of this case, where it appears a trial was regularly had upon both pleas, and that no disposition was made of the one, either by the court or jury, would be carrying the doctrine of presumptions to a greater length than justice would warrant. As well might we indulge a presumption that there was no evidence offered as to the plea of not guilty. Both pleas raised questions of fact to be determined by the court and jury.

In People v. Fuqua, 61 Cal. 377, a case similar to the one at bar, the Supreme Court of California said: "In this case the defendant, in addition to the plea of not guilty, pleaded a former acquittal. The jury returned a verdict of manslaughter, and omitted to find upon the plea of former acquittal. The record does not disclose that the defendant withdrew or waived the defense of a former acquittal; but the attorney-general contends that in the absence of anything appearing to the contrary, the appellate court must presume, in support of the correctness of the judgment of the court below, that that defense was withdrawn or waived. But we are not aware that the doctrine of presumptions has ever been carried to that length. To presume that a party had

withdrawn or waived a defense which he had pleaded, simply because a jury had failed to find upon it, might lead to very serious consequences.   The evidence in the case is not before us, and we can not know whether any attempt was made to establish that defense.   But as we view the matter it is immaterial whether there was or not.   If the jury had found in favor of the people upon the plea of a former acquittal, and had failed to find upon the plea of not guilty, it does not seem probable that we would have been asked to presume, in support of a judgment of conviction, that the defendant had withdrawn or waived his plea of not guilty.''

So, in Solliday v. Com., 28 Pa. 13, Mr. Justice Black, speaking for the court as to a plea of *autrefois convict*, said: ''If the representative of the commonwealth traverses the plea by denying that the former conviction was for the same offense, and thus forms an issue in fact, it must go to a jury, and no judgment can be given in the case until that question is disposed of.   No matter how clear the opinion of the court may be against the defendant, nobody but the jury can decide an issue like that.   The judge may influence the verdict—in some cases he may and ought to control it—but he cannot pronounce it.   A defendant has a right to complain of mistrial if a question of fact in his cause has not been answered by that tribunal which the law has made his only judge, and to whom he and his accuser have mutually agreed to refer it.   When the two pleas of former conviction and not guilty are both in the issue one is just as important as the other.   Both may be false or both true, or one may be false and the other true; but the necessity of response to both is palpable, since the verdict for the defendant on either would equally entitle him to his free discharge.''   22 Ency. Pl. & Pr., 875; People v. Kinsey, 51 Cal. 278; People v. Helbing, 59 Cal. 567; People v. Hamberg, 84 Cal. 468, 24 Pac. 298; Com. v. Demuth, 12 Serg. & R. 389; Burks v. State (Tex. App.), 6 S. W. 300; Moody v. State, 60

27 Utah 10

Ala. 78; Wright v. State, 27 Tex. App. 447, 11 S. W. 458; Dominick v. State, 91 Am. Dec. 496.

The judgment must be reversed, and the cause remanded with directions to the court below to grant a new trial. It is so ordered.

BASKIN, C. J., concurs.

McCARTY, J. (dissenting).—I am unable to concur with my Brethren in the foregoing opinion. The appeal in this case is taken solely on the judgment roll. There being no bill of exceptions, the evidence is not before us.

The information, in part, charges that "the said Moses Creechley, on the second day of July, A. D. 1902, at the county of Morgan, State of Utah, . . . did then and there take an oath before the said Honorable H. H. Rolapp, judge as aforesaid, that certain testimony then and there given by him, the said Moses Creechley, in behalf of the defendant Moses Creechley in an action then and there on trial before the said Honorable Henry H. Rolapp, judge as aforesaid, entitled 'In the district court of the Second Judicial District of the State of Utah, in and for the county of Morgan. The State of Utah v. Moses Creechley and Wm. L. Smith, defendants. Information'—in which action the said defendant Moses Creechley was then and there on trial, should be the truth, which said testimony, touching the matter in issue in said action and on said trial, so given by the said Moses Creechley, was in part and in substance and effect as follows, to-wit." A part of the testimony set out in the information is, in substance: "That some time in the month of August or September, A. D. 1901, he, the said Moses Creechley, was requested by one Bird to take a certain steer belonging to Bird to one Crouch, a butcher doing business at Morgan City, Utah, which defendant promised to do, or to get one Carpenter to take the steer to Crouch; that Carpenter took the steer to Crouch; that on the sixteenth day of September, A. D. 1901, at the request of Bird, the said Moses Creechley, together with one Alma Bertosch,

drove the said steer from the corral or slaughterhouse of said Crouch right along the road west from the said Morgan City to the creamery (meaning thereby a certain building called the creamery, about a mile west of said Morgan City),' and after they, said Creechley and Bertosch, left the creamery (meaning thereby while they were then and there driving said steer), they turned south and west towards Porterville, and stayed there all night.'' Then follows a long list of specifications of other parts of the testimony wherein it is alleged the defendant committed perjury.

To the information the defendant entered a plea of not guilty, and the record contains the following plea of *autrefois acquit*: ''The defendant also pleads that he has already been acquitted of the offense charged by the judgment of the district court of the Second Judicial District, rendered at Morgan City, Morgan county, Utah, on the second day of July, 1902.''

The record shows that the case mentioned in the information wherein it is alleged defendant committed perjury is one in which he was acquitted of the crime of grand larceny, and the judgment rendered in that case is the judgment referred to and pleaded in bar by the defendant in this action.

The record also contains the following stipulation, which is indorsed ''defendant's Exhibit 1, D. H.,'' which is the usual way official stenographers in this State have of marking a paper or document for identification when offered in evidence: ''It is stipulated as a fact in this cause that upon the trial of the case of the State of Utah v. Moses Creechley, charged with grand larceny, and which was tried in this court on July 1st and 2nd, 1902, and being the same case referred to in the information herein, that there was no other or further evidence introduced by the State upon that trial which tended to show the guilt of the defendant Creechley of grand larceny, than the evidence introduced upon this trial, with the exception, viz., that it is further stipulated that upon the trial of said larceny case evidence

was given tending to show that on Nov. 3, 1901, defendant did kill on the place of Wm. L. Smith a certain steer, which the State claimed was the steer described in the information in that case, which claim the defendant disputed, and which he claimed was some other steer. This stipulation is made to bear upon the question of *res adjudicata,* as the same may be applicable to this case. A. B. Hayes, Dist. Atty. L. R. Rogers, Deft's Atty.''

The court, in part, instructed the jury as follows: ''It is contended by the State in this case that there was pending in this court on the first and second days of July, 1902, a case in which the State of Utah was plaintiff and said Moses Creechley and William L. Smith were defendants, founded upon an information in which it was alleged that said Creechley and Smith did, on the third day of November, A. D. 1901, at the county of Morgan and State of Utah, then and there unlawfully and feloniously steal, take, and carry away one certain steer, . . . then and there being the personal property of one W. Calderwood.''

The court also gave the following instruction: ''You are further instructed that at the trial of the cause in which the defendant was accused of grand larceny, last July, the substantial thing in controversy between the parties (the State and the defendant) was whether the steer driven from Crouch's corral in Morgan by the defendant Moses Creechley, and Alma Bertosch was the steer described in the information filed by the State in that case (as in this charge already mentioned), or whether it was another steer, the property of one Bird; and since the jury in that case found the defendant not guilty it must be considered by you that that jury believed that the steer thus driven by Moses Creechley and Alma Bertosch was not the steer described in the information in that case. The verdict of that jury finding the defendant not guilty was a decision of that point against the State of Utah, and it is your duty to consider, and I do instruct you as a matter of law, that it is established by the judgment of this court that the

steer driven by the defendants Moses Creechley and Alma Bertosch on the sixteenth of September, 1901, from Crouch's corral in Morgan, was not the steer described in the information filed in this case on trial last July.

The record shows that certain witnesses were sworn and examined on the part of the State, and then the following entry appears: "No witnesses examined on part of defendant. Counsel for State made a brief argument to jury, while counsel for defendant submitted his case without argument. The court charged the jury and the jury retired to consider their verdict."

The jury returned the following verdict:

"We, the jury, empaneled in the above entitled action, find the defendant, Moses Creechley, 'guilty,' as charged in the information. L. H. Durrant, Foreman."

"We find the following statements attributed to the defendant at the trial in this court in July, 1902, to have been false and to constitute perjury; that after he and the said Alma Bertosch reached the creamery on the sixteenth day of September, 1901, they proceeded south to Porterville. L. H. Durrant, Foreman."

It will be observed that the record in brief discloses the following facts: Defendant on the second day of July, 1901, in the district court of Morgan county, Utah, was on trial for the crime of grand larceny, and a verdict was returned in his favor of not guilty. Subsequently he was informed against and placed on trial in the same court for the crime of perjury, alleged to have been committed by him on the former trial for grand larceny. He pleaded his former acquittal on the charge of larceny as a bar to a prosecution for perjury; that is, he pleads he was acquitted of the crime of perjury in the very case in which he is charged with having committed the crime. At the trial he introduced no evidence in support of the plea of former acquittal, and the jury failed to find on that issue. The burden of proving his plea of a former acquittal was on the de-

fendant. Underhill, Crim. Ev. 245; 3 Rice on Evidence
615; Wharton, Crim. Ev. 332; Wharton, Crim. Pro. &
Prac. 483; 3 Greenl. Ev. 35; Vowells v. Commonwealth,
83 Ky. 196; Commonwealth v. Daley, 4 Gray 210; Rocco
v. State, 37 Miss. 367, 368; Bainbridge v. State, 30 Ohio
St. 264; Emerson v. State, 43 Ark. 372; State v. Heath,
8 Mo. App. 99; Hozier v. State, 6 Tex. App. 501;
O'Connor v. State, 28 Tex. App. 288, 13 S. W. 14; 9
Ency. Pl. & Pr. 637, and cases cited.

Section 4876, Rev. St. 1898, provides that, "on a
trial for any other offense than libel, questions of law
are to be decided by the court; questions of fact by the
jury." Under this provision of the statute the court
could only submit to the jury the questions of fact raised
by the plea under consideration. The burden being up-
on the defendant to prove by competent evidence his
plea of former acquittal, it necessarily followed that,
unless there was some evidence introduced tending to
support this plea, there was nothing for the court to
submit to the jury on this issue. The principles of law
governing the trial of an issue raised by a plea of not
guilty made by a party charged with crime by an infor-
mation or an indictment are entirely different, so far
as they affect the defendant, from the rules of law gov-
erning the trial of an issue made by a plea of *autrefois
acquit* or *autrefois convict*. As to the first proposition
the law presumes the plea of not guilty to be a true plea,
and that the defendant is innocent of the crime with
which he is charged, and when he is placed on trial the
burden is on the State to not only produce evidence of
defendant's guilt, but the evidence must be of sufficient
weight to overturn the presumption of innocence and
establish the guilt of the accused beyond a reasonable
doubt; whereas, on an issue raised by a plea of former
acquittal or former conviction there is no presumption
of law that the plea is true, and the burden, as herein-
before stated, is on the defendant to prove the issue
raised by his special plea. And, further, a finding by
a jury, either in favor of or against the defendant, on a
plea of not guilty, bars any further prosecution for the

crime charged in the information or indictment, whereas a finding by the jury against the defendant on his special plea has no such effect—in fact, he can not avail himself of it for any purpose.    Hence there is a reason why a court should direct a verdict in favor of the defendant when there is no evidence offered, or when the evidence introduced is wholly insufficient to sustain a verdict of guilty.

While some of the authorities hold that when a plea of former acquittal or conviction is entered, and the defendant fails to produce any evidence in support of the plea, or when the evidence in the case is insufficient to sustain it, the court may instruct the jury to find against the defendant on this issue, there are none that go to the extent of holding that in such cases the question should be submitted to the jury as a question of fact for them to decide.    The only reason that can be urged why a court should direct a finding against a defendant on his special plea, where there is no evidence to support it, is for the protection of the State, as it could not possibly, in any way, benefit the defendant for the court to direct a finding against him on an issue of this kind.    It is not pointed out in any of the cases cited by counsel on either side, nor do I think it can be shown, wherein it would be prejudicial to the interests of a defendant for a court to fail to direct the jury to find against him on his special plea of former acquittal. I can understand wherein it might be to the advantage of the defendant for a court to fail to direct a finding against him on a special plea of this kind when there is no evidence to support it, as the jury might, if the question was left to it, make a random guess in favor of the defendant, which would be equivalent to an acquittal of the crime for which he is on trial.    It is not claimed that there was any evidence introduced by defendant in this case to sustain his plea of former acquittal — in fact, the record shows there was none. Therefore I am decidedly of the opinion that the court did not err in failing to submit the question to the jury.

In the case of O'Connor v. State, 28 Tex. App. 288, 13 S. W. 14, the defendant was on trial for murder, and in addition to a plea of not guilty he interposed a special plea of former jeopardy. The evidence being insufficient to warrant it, the trial court refused to submit the question to the jury. The Court of Appeals in passing on the question says: "As the defendant wholly failed to establish his special defense of jeopardy by evidence, it was not error for the court to refuse to submit that issue to the jury, and to direct the jury to find the special plea untrue." State v. Lee, 46 La. Ann. 623, 15 South. 159.

In Johnson v. State, 34 Tex. Cr. R. 115, 29 S. W. 473, the court, in disposing of this question, says: "Appellant interposed a plea of former jeopardy. There is no evidence in the record. We are not aware whether there was any evidence adduced upon the trial in support of the plea. If there was not, it was not the duty of the court to submit the plea to the jury, and hence no error in the jury not finding upon the plea."

So, in the case of State v. Paterno, 43 La. Ann. 514, 9 South. 442, this same question was before the court, and the opinion is in part as follows: "The defendant complains of the overruling of his plea of former jeopardy based on the fact that under a prior indictment of the same offense the district attorney had entered a *nolle prosequi* during the impaneling of the jury and before the jury had been completed. . . . Complaint is also made of the judge's refusal to refer the above plea to the jury. The plea on its face was not good in law, and was clearly demurrable. It involved no matter for a jury, and the judge acted correctly in overruling it."

In State v. Helveston, 38 La. Ann. 314, it was held that, "when the plea of *autrefois acquit* shows on its face that the offense pleaded was not the same of which the prisoner was before acquitted, the plea may be demurred to, and it is not necessary to submit it to a jury. State v. Lee, 46 La. Ann. 623, 15 South. 159.

It appears from the record that one of the material and controverted facts in the grand larceny trial was the identity of the steer described in the information in that case, which steer it was alleged the defendant had stolen. The court in its instructions, which were unduly favorable to the defendant, withdrew from the consideration of the jury all questions respecting the falsity of his testimony as to the identity of the steer, holding that the verdict in the grand larceny case in favor of defendant determined these issues in his favor, and the special finding of the jury shows that they followed the court's instructions. Therefore, while there was no formal finding by the jury on the special plea, the defendant obtained all he claimed under his plea of former acquittal, and more than he was legally entitled to under the stipulation on file, which shows precisely what he did claim. The plea and stipulation raised an unmixed question of law, and it would have been error for the court to have submitted it to the jury. The question raised by the plea and stipulation shorn of all verbiage, simply amounted to this: Was the defendant's acquittal of the crime of grand larceny a bar to the prosecution for perjury alleged to have been committed by him while testifying in his own behalf when on trial for the larceny?

The defendant does not claim that he did not have a fair trial on the merits. His only complaint is that the foregoing question of law was not submitted to the jury, which, under section 4876, Rev. Stat. 1898, supra, was for the court, and not for the jury, to decide. When a special plea of the nature of the one under consideration is interposed by a defendant in a criminal action, and there is any evidence introduced to sustain it, which raises an issue of fact, it is undoubtedly the duty of the court to submit the same under proper instructions to the jury for determination, and it would be error for the court to refuse; but where, as in this case, the record shows that no question of fact could possibly have been raised, and no evidence whatever introduced, it is

not error for the court to withhold the question from the jury.

There is another reason why the judgment of the district court ought not to be disturbed. At common law the defendant in his plea of *autrefois acquit* was required to set out the former indictment, together with the verdict rendered thereon, and aver that he and the party named as defendant in such indictment were one and the same person. "If the identity alike of the parties and offenses were conceded, it became a question for the court whether or not there had been a former conviction or acquittal." 1 Bishop, Crim. Pro. 814-816. If the record thus pleaded, on its face, established his former acquittal, it remained for the defendant to prove the existence by the record. This he could do by producing the record itself or a copy thereof duly certified. If, however, the record pleaded showed on its face that it could not operate as a bar, the State demurred to the plea, which raised a question of law for the court to decide, and, if the identity of the two offenses and the parties named in the two indictments was denied by the State, a question of fact was raised to be determined by the jury.

While our practice is different from that of the common law, the foregoing distinctions between questions of fact and issues of law remain the same. Under our practice the State can not demur to a plea of *autrefois acquit*, but must raise the question of the sufficiency of the record relied on by defendant to sustain his plea, when it is offered in evidence, and if it shows on its face that it is not capable of having the effect claimed for it—in other words, of operating as an acquittal of the crime for which defendant is on trial—the State may have it rejected by objecting to its admission in evidence, and the only way the question can be brought to this court for review is by a bill of exceptions, as the judgment roll does not contain the rulings of the court on the admission or rejection of evidence offered. This being the practice in this State, there is nothing in the

record, when the appeal is taken on the judgment roll, to advise this court of the disposition made of defendant's special plea, when the record he relies on has been rejected by the trial court.

In the absence of a bill of exceptions in this case showing error on the part of the trial court in' disposing of, or in failing to dispose of, this question, error can not be presumed, as it is settled by the great weight of judicial authority, that, unless error is made to appear, the presumption is in favor of the regularity of the proceedings of the trial court.    People v. Kerm, 8 Utah 268, 30 Pac. 988; Elliott, App. Proc. 709, 718, 721.    "If the record does not show what the action of the court was, and upon which it is based, and all the material circumstances in regard to it, it will be presumed to have been regular and correct.    There must, therefore, be a record on appeal to make these facts appear to the Supreme Court. . . . Such record must contain everything necessary to make the error apparent.    If it appear that the record does not contain a complete account of what took place in the court below, the judgment or order will be affirmed."    Hayne, New Trial and Appeal, 285, and cases cited in note.

And again, courts will take judicial notice of the judgments and orders contained in their own records. Section 3374, Rev. St. 1898; Woodward v. State (Tex. Cr. App.), 58 S. W. 135; George v. State (Neb.), 80 N. W. 486.    Therefore the presumption in this case should be that the trial court took judicial notice of its judgment pleaded by defendant as a former acquittal, and when offered, if it was offered, examined it to determine whether or not it had that effect, and on finding it to be a judgment of acquittal of the crime of grand larceny, made the proper disposition of it, and of the issue raised by the plea.

The rule as above stated is that prejudicial error must be shown in order to justify a reversal of a case. Now, it is manifest that the defendant could not have been prejudiced by the failure of the court to take from

the jury the question of his former acquittal, even if we assume such to be the case, as the jury could, so long as the question was before them, find for the defendant on that issue. And furthermore this question was not brought to the attention of the district court on the motion for a new trial, and the court had no opportunity to incorporate into the record what its rulings were with reference to the question under consideration. The defendant having failed to refer to this alleged error in his motion for a new trial, and having failed, as shown by the record, to invite the court's attention to it at the time the motion was considered and disposed of, he ought not to be heard to complain for the first time in this court. Justice to the State and fairness to the trial court demand that alleged errors of this character, which do not go to the jurisdiction of the court, be brought to the attention of the lower court, and an opportunity afforded to either supply the defect when it can be done, by incorporating into the record just what took place, or to grant a new trial, and thereby avoid the delay and expense of an appeal.

For the purpose of the foregoing observations, I have assumed that the defendant's plea of *autrefois acquit,* as first entered, was before the court and undisposed of when the case was submitted to the jury, which, however, is not the case.

The Constitution of the United States and of this State declares that "no person shall twice be put in jeopardy for the same offense." This same provision is found in all of the State Constitutions, and, while there is some conflict in the earlier cases as to when and under what circumstances a jeopardy attaches or is complete in the first instance, the authorities all agree that to constitute a second jeopardy a party must be indicted or informed against for the same offense—the same criminal act—for which he has already been on trial before a court of competent jurisdiction; and if he desires to avail himself of the former jeopardy he must plead it.

Section 4789, Rev. St. 1898, so far as material here, provides that "every plea must be oral and  .  .  . substantially in the following form:  .  .  .  3.  If he (the defendant) pleads a former conviction or acquittal: 'The defendant pleads that he has already been convicted (or acquitted) of the offense charged by the judgment of the court of (naming it) rendered at (naming the place) on the — day of ——.' "

It will be observed that, under the foregoing provision of the statute, a defendant, in order to avail himself of a former acquittal or conviction of the offense for which he is on trial, is required to plead the specific judgment relied on by him to sustain his special plea. This the defendant did.  He pleaded in bar a judgment rendered in the court before which he was on trial, on the second day of July, 1902, a judgment wherein he was acquitted of the crime of grand larceny.  He then stipulated "that the case of the State of Utah v. Moses Creechley, charged with grand larceny, and which was tried in this court on July first and second, 1902, and being the same case referred to in the information herein."  By this stipulation the defendant abandoned his plea of former acquittal as completely as though he had in open court withdrawn it, because he in effect changed his plea from one of former acquittal of the crime of perjury, for which he was on trial, to one of former acquittal of the crime of grand larceny.  He now alleges as error the failure of the court to submit the question of his acquittal of the crime of grand larceny to the jury.  This is the principal question relied upon by defendant on this appeal, and the only one of this character that can be predicated upon the record in this case.

I am therefore decidedly of the opinion that the court did right in ignoring the plea, as it was, in effect, changed by the stipulation, as it raised no issue that could in any way affect the rights of the defendant, and that the judgment of the trial court ought to be affirmed.