[No. 10,186.]

THE PEOPLE v. CHARLES KINSEY, NANCY E. KINSEY, WILLIAM W. DOW, ALEXANDER McLEAN AND MICHAEL McLEAN.

PLEA OF FORMER CONVICTION.—If, in a criminal case, there is a plea of not guilty and also a plea of former conviction or acquittal, the defendant is entitled to a verdict on each plea. If there is a verdict of guilty alone, there can be no judgment of conviction.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Alexander Campbell and John Reynolds,* for the Appellants.

*Charles N. Fox,* for the People.

By the COURT:

The defendants were indicted for murder, and at the trial were convicted of manslaughter. A new trial was granted by the District Court on the defendants' motion, and at the second trial the defendants severally, in addition to the plea of not guilty, filed pleas of former acquittal. The jury on the second trial found the defendants guilty of manslaughter, but failed to find on the issues raised by the pleas of former acquittal, and were discharged without a verdict on these issues. A judgment having been entered against the defendants on the verdict convicting them of manslaughter, they have appealed from the judgment and from the order denying their motion for a new trial.

The defendants contend that the failure of the jury to find upon the issue of former acquittal vitiated the entire verdict, and that no judgment could be entered upon it.

Section 1151 of the Penal Code provides that "upon a plea of a former conviction or acquittal of the same offense" the verdict should be either "for the people" or "for the defendant." If there be a plea of "not guilty," and also a plea of a former conviction or acquittal, the defendant is entitled to a verdict on each plea, and until there is such a verdict, there can be no judgment of conviction.

Judgment and order reversed and cause remanded for a new trial.