[No. 10,727.—In Bank.]
Sept. 14, 1882.

## THE PEOPLE *v.* JACOB FUQUA.

INSUFFICIENCY OF VERDICT—PLEA OF FORMER CONVICTION OR ACQUITTAL—
WAIVER.—If there be a plea of not guilty, and also a plea of former
conviction or acquittal, the defendant is entitled to a verdict on each
plea, and until there is such a verdict there can be no judgment of con-
viction.

ID.—ID.—ID.—PRESUMPTION OF REGULARITY.—In such a case, where the
record does not disclose that the defendant withdrew or waived either
plea, it will not be presumed that he did so.

APPEAL from a judgment of conviction, an order denying
a new trial, and an order denying a motion in arrest of judg-
ment, in the Superior Court of the County of Napa. WAL-
LACE, J.

*W. F. Henning,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

The COURT:

In *People* v. *Kinsey,* 51 Cal. 278, the Court said : " If there
be a plea of 'not guilty,' and also a plea of former conviction
or acquittal, the defendant is entitled to a verdict on each
plea, and until there is such a verdict there can be no judg-
ment of conviction ;" and that case was followed in *People* v.
*Helbing,* 8 P. C. L. J. 947.

In this case the defendant, in addition to the plea of not
guilty, pleaded a former acquittal. The jury returned a ver-
dict of manslaughter, and omitted to find upon the plea of
former acquittal. The record does not disclose that the de-
fendant withdrew or waived the defense of a former acquittal;
but the Attorney-General contends that in the absence of
anything appearing to the contrary the appellate Court must
presume in support of the correctness of the judgment of the
Court below that that defense was withdrawn or waived.

But we are not aware that the doctrine of presumptions
has ever been carried to that length. To presume that a
party had withdrawn or waived a defense which he had
pleaded, simply because a jury had failed to find upon it,

might lead to very serious consequences. The evidence in the case is not before us, and we can not know whether any attempt was made to establish that defense. But as we view the matter, it is immaterial whether there was or not. If the jury had found in favor of the people upon the plea of a former acquittal, and had failed to find upon the plea of not guilty, it does not seem probable that we would have been asked to presume in support of a judgment of conviction, that the defendant had withdrawn or waived his plea of not guilty.

It has been repeatedly held by this Court that the failure of a trial court to find upon all the issues raised by the pleadings was a sufficient ground for the reversal of a judgment. It has never been suggested in such cases that the failure to find upon all the issues would raise a presumption that those not found upon had been abandoned on the trial.

Judgment and order reversed and cause remanded for a new trial.