STATE, Appellant, v. O'BRIEN, Respondent.

[Submitted November 10, 1896. Decided November 30, 1896.]

CRIMINAL PRACTICE—*Appealable order—Former acquittal and jeopardy.*—An order of the district court sustaining a defendant's pleas of formal acquittal and jeopardy, after the reversal of a conviction for manslaughter under an indictment charging murder in the first degree, is not an appealable order under subdivision 4 of section 2273 of the Penal Code, providing that an appeal may be taken by the state "from an order made after judgment, affecting the substantial rights of the state," since the defendant, after his conviction was set aside by the appellate court, stood before the court in the same position as if no judgment had been rendered against him.

SAME—*Former acquittal and jeopardy—Jury trial.*—The pleas of former acquittal and once in jeopardy involve issues of fact under section 1990 of the Penal Code and therefore cannot be determined without a finding by a jury.

*Appeal from Eighth Judicial District, Cascade County.*

INFORMATION for murder in the first degree. The defendant's pleas of former acquittal and former jeopardy were sustained by BENTON, J. Appeal dismissed.

*Henri J. Haskell,* Attorney General, for the State, Appellant.

*Leslie & Downing,* for Respondent.

HUNT, J.—The defendant was originally tried before the district court of Cascade county under an information charging him with murder in the first degree. He was convicted of manslaughter and appealed to this court. The judgment against him was reversed and the cause remanded to be tried anew. (*State* v. *O'Brien,* 18 Mont. 1.)

When the cause came on again for trial in the district court, the defendant pleaded that he had already been acquitted of the charge of murder in the first and second degrees, and had also been placed in jeopardy for those offences, because on his former trial he had been found guilty of manslaughter only. In reply to the pleas of former acquittal and former jeopardy, the state admitted that an information had been filed against the defendant charging him with murder in the first degree;

that defendant had been tried under such information, had been found guilty of manslaughter and that judgment on said conviction had been entered against the defendant. The county attorney then asked the court to take judicial notice of the proceedings had on the former trial of the case and to pass upon the pleas of former acquittal and jeopardy entered by the defendant, and to hold said pleas insufficient in law to constitute former acquittal of murder in the first and second degrees, or former jeopardy. No jury was empanelled. The court sustained the defendant's plea as valid and ordered the defendant to be held to await trial for the crime of manslaughter. The state, by the county attorney, excepted to the order of the court and appeals from the order holding the pleas of former acquittal and jeopardy to be valid.

The defendant by motion questions the authority for the appeal from the order of the court. Section 2273, Penal Code, provides as follows :

" An appeal may be taken by the state :

"1. From the judgment for the defendant on a demurrer to the indictment or information.

"2. From an order granting a new trial.

"3. From an order arresting judgment.

"4. From an order made after judgment, affecting the substantial rights of the state.

"5. From an order of the court directing the jury to find for the defendant."

It is contended by the appellant that this case is brought within the terms of the fourth subdivision of the statute quoted, and that when the court made an order to the effect that the defendant's plea of former acquittal was valid, it was equivalent to an order made after judgment, affecting the substantial rights of the state. But in our opinion the ruling of the court was not one made after judgment, because when the former judgment of conviction of manslaughter was set aside by this court, the effect of the decision setting aside the judgment was to put the defendant in a position as if no such judgment ever had been rendered against him. He stood be-

fore the court, so far as he was affected by the pending charge of manslaughter—which point alone we are considering—in the same position as if no trial had been had. This is the express provision of section 2191 of the Penal Code. The ruling of the court only determined that the pleas of former acquittal and jeopardy constituted a defence to the charge of murder in the first and second degrees. Whether or not the defendant had actually been acquitted of the aforesaid charges of murder; and whether or not the said charges were the same offences referred to in the information under which the defendant was to be tried again, and whether or not the defendant had once been in jeopardy under the charges of murder in the first and second degrees, necessarily, under the statutes of Montana, involved issues of fact. Section 1990 provides as follows :

"An issue of fact arises :

"1.   Upon a plea of not guilty.

"2.   Upon a plea of former conviction or acquittal of the same offense.

"3.   Upon a plea of once in jeopardy."

It being clear, therefore, under the law, that the pleas of defendant raised issues of fact, the court was obliged to submit them to a jury. It may be that by concessions of the defendant the offering of evidence becomes merely the formal introduction of the record of the previous trial with the agreement that there is no difference in the two cases between the identity of the offense charged, and the identity of the defendant, but the issues nevertheless are to go to a jury under appropriate instructions by the court. (Wharton's Criminal Evidence, § 593.)

Section 2143 of the Criminal Code, carrying out the law which declares that the pleas of former acquittal and jeopardy are issues of fact, specifies that the verdict shall be either "for the state" or "for the defendant." The question therefore, if one at issue, cannot be finally determined without the finding by a jury. In *People* v. *Kinsey*, 51 Cal. 278, it was decided that the defendant is entitled to a verdict on a

plea of former acquittal entered, and until there is such a verdict there can be no judgment of conviction.

As we look at it, there was no judgment in the case when this appeal was taken, and the issues remain still to be disposed of. The ruling of the district court was an interlocutory one, from which the state could not appeal. (*State* v. *Pollard,* 83 N. C. 598.)

It follows that the principal and important question which the state seeks to have decided, namely, whether or not the defendant can be tried again for murder, is not before us and cannot be considered.

*The appeal is dismissed.*

PEMBERTON, C. J. concurs. DE WITT, J., not sitting.