[Crim. No. 178.    Department Two.—December 17, 1896.]

THE    PEOPLE,    RESPONDENT,    *v.*  E.  N.  TUCKER
ET AL., APPELLANTS.

CRIMINAL LAW—PLEADING—ONCE IN JEOPARDY—INSUFFICIENT VERDICT.
Where a defendant accused of crime has interposed a plea of not guilty,
and also a separate plea of "once in jeopardy" for the same offense, he
is entitled to have the latter plea passed upon by the jury before judg-
ment can properly be pronounced against him, and, where the jury found
a verdict of guilty without passing upon the plea of "once in jeopardy,"
a judgment of conviction will be reversed, and a new trial granted.

APPEAL from a judgment of the Superior Court of
San Joaquin County.  ANSEL SMITH, Judge.

The facts are stated in the opinion of the court.

*W. R. Jacobs*, and *J. G. Swinnerton*, for Appellants.

*W. F. Fitzgerald, Attorney General,* and *Charles H.
Jackson, Deputy Attorney General,* for Respondent.

THE COURT.—The defendant, E. N. Tucker, was in-
dicted, tried, and convicted of the crime of extortion in
the county of San Joaquin, and sentenced to imprison-
ment in the state prison of the state of California at
Folsom for the term of two and one-half years.  He ap-
peals from the judgment.  A single question is raised
on the appeal.

The plea of defendant Tucker to the indictment was:
"1. That he is not guilty of the offense charged; 2. That
he has been once in jeopardy for the offense charged,
to wit, on the 10th of January, 1896, in the superior
court of the state of California, in and for the county of
San Joaquin, in Department No. 1 of said superior
court, before Hon. Joseph H. Budd, judge, and a jury
in the said superior court, held in the city of Stockton,
said county and state."

At the trial the jury, after listening to the testimony
of witnesses, and after being instructed by the court,
rendered the following verdict: "We, the jury in the

above-entitled cause, find the defendant guilty of extortion as charged in the indictment."

There was no finding by the jury upon the plea of "once in jeopardy," and, so far as appears, there was no evidence introduced or offered in support of the plea; nor is there anything in the record to indicate that the defendant withdrew or waived the plea.

When the defendant was called for judgment, he moved the court for a discharge from custody, and that the judgment be perpetually stayed, which motion was denied by the court and judgment entered.

Aside from the plea of guilty, which raises no issue of fact, there are three pleas to an indictment or information, any one or more of which a defendant may interpose in bar of the prosecution, viz: 2. Not guilty; 3. A former judgment of conviction or acquittal of the offense charged; 4. Once in jeopardy.

Of these pleas the defendant, as before stated, interposed those of "not guilty" and "once in jeopardy." He was entitled to have both these pleas passed upon by a jury before judgment could properly be pronounced in the case against him.

In *People* v. *Kinsey*, 51 Cal. 278, the defendants entered a plea of not guilty and of former acquittal. The jury found the defendants guilty of manslaughter, but failed to find upon the issues made by the plea of former acquittal, and, judgment having been rendered against them, this court, on appeal, held that the defendants were entitled to a verdict on each plea, and that until there is such a verdict, there can be no judgment of conviction.

*People* v. *Helbing*, 59 Cal. 567, contained like pleas, was disposed of in like manner, and reversed for like cause. *People* v. *Fuqua*, 61 Cal. 377, was a similar case, and followed by like effect. To the argument of the attorney general that, in the absence of anything appearing to the contrary, the appellate court must presume, in support of the correctness of the judgment of the court below, that the defense was withdrawn or

waived, this court held that where the record failed to show that the defendant withdrew or waived either plea, it would not be presumed that he did so. *People* v. *Hamberg*, 84 Cal. 468, and *People* v. *Eppinger*, 109 Cal. 294, are of the same general tenor and to the same effect.

The judgment is reversed and the cause remanded for a new trial.