[Criminal No. 257.   Filed March 27, 1908.]

[94 Pac. 1099.]

JAMES P. STORM, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. EMBEZZLEMENT—NATURE OF OFFENSE.—Embezzlement is not a continuing offense, but is one in which each misappropriation is a distinct crime.

2. CRIMINAL LAW—FORMER JEOPARDY—OFFENSE MUST BE IDENTICAL—REV. STATS. ARIZ. 1901, PENAL CODE, SEC. 885.—Upon a trial for embezzlement committed upon a certain date, several distinct appropriations by accused of specified sums of money at different times,

including an appropriation upon a date charged, were shown. The prosecution elected to stand on the charge of an appropriation on a certain date. *Held,* that, under section 885, *supra,* providing that when accused is convicted or acquitted or has once been placed in jeopardy, the conviction, acquittal or jeopardy is a bar to another indictment for the same offense, an acquittal did not bar a subsequent prosecution for the embezzlements committed at the other times.

3. SAME—SAME—INSTRUCTIONS—VERDICT—DIRECTION.—Where the plea of former jeopardy ·and acquittal is made, and the facts in support of the said pleas are not in dispute, the court should direct a verdict under the pleas.

4. CRIMINAL LAW—FORMER JEOPARDY—DEFECTIVE VERDICT—HARMLESS ERROR—REV. STATS. ARIZ. 1901, SECS. 894, 895, 971, 1174, CONSTRUED.—Sections 894 and 895, *supra,* provide that issues of fact arising on pleas of the former acquittal and once in jeopardy must be tried by the jury. Section 971 provides that on the plea of former acquittal the verdict should either be for the territory or for the accused. Section 1174 provides that any departure from the prescribed modes of the proceedings or any error should not affect the result unless the accused were prejudiced thereby. Upon a trial for embezzlement defendant set up a defense of former acquittal and once in jeopardy. The facts upon these issues were undisputed, and the court showed the jury that pleas were not sustained, and instructed that the sole question for them to determine was whether the accused was guilty. The jury thereupon returned a verdict of guilty. *Held,* that although the failure of the jury to return a verdict on the pleas of the former acquittal and once in jeopardy made a defect in the verdict, which defect was not prejudicial to the defendant, the verdict will stand.

5. EMBEZZLEMENT—NATURE OF OFFENSE—REV. STATS. ARIZ. 1901, PENAL CODE, SECS. 398 AND 457, CONSTRUED.—Sections 398 and 457 *supra,* provide that every officer of any county charged with the safekeeping of the public moneys who, without authority of law, appropriates the same to his own use, should be punished; and define embezzlement as the fraudulent appropriating of property by one to whom it has been intrusted. *Held,* that the appropriation by a county treasurer to his own use, without authority of law, of public moneys in his official position is fraudulent, and constitutes the crime of embezzlement.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

For opinion on motion for rehearing, see 12 Ariz. 109, 99 Pac. 275.

Affirmed on appeal, 170 Fed. 423, 95 C. C. A. 593.

The facts are stated in the opinion.

Ross & O'Sullivan, for Appellant.

The statute says that "a plea of former conviction or acquittal of the same offense" raises an issue of fact (Pen. Code, par. 894), and that "issues of fact must be tried by a jury." (Pen. Code, par. 895.) Our Penal Code is a practical rescript of the California Penal Code. The California courts have held that where the pleas of former jeopardy and of former acquittal are made in addition to a plea of not guilty, the defendant is entitled to a verdict on each plea, and that if there is a verdict of guilty alone, there can be no judgment of conviction. *People* v. *Kinsey,* 51 Cal. 278; *People* v. *Helbing,* 59 Cal. 567; *People* v. *Fuqua,* 61 Cal. 371; *People* v. *Tucker,* 115 Cal. 337, 47 Pac. 111, reviewing and approving all the California cases decided under these statutes. Montana and Utah, with like statutes, have followed California. *State* v. *O'Brien,* 19 Mont. 6, 47 Pac. 103; *People* v. *Kerm,* 8 Utah, 268, 30 Pac. 988; *State* v. *Creechley,* 27 Utah, 142, 75 Pac. 384; *Deaton* v. *State,* 44 Tex. 446. Where evidence outside the record is introduced, the question (former jeopardy and former acquittal) must be referred to a jury for determination, and is within their exclusive province to decide. 5 Ency. of Ev. 881, and cases cited. "A defendant has a right to complain of a mistrial if a question of fact in his cause has not been answered by that tribunal which the law has made his only judge, and to whom he and his accuser have mutually agreed to refer it. When the two pleas of former conviction and not guilty are both in issue, one is just as important as the other. Both may be false or both true, or one may be false and the other true; but the necessity of response to both is palpable, since a verdict for the defendant on either would entitle him to his free discharge." *Solliday* v. *Commonwealth,* 28 Pa. 13.

Under the laws of Arizona but one offense can be charged in an indictment, but we submit that, as in the trial of the defendant under indictment No. 674 (an indictment found prior to the one here under consideration), two or more separate offenses are disclosed, and evidence of each and all is introduced as "substantive offenses," and at the end of the

prosecution's case an election is ordered (granting for the argument that an election was ordered), it is equivalent to an acquittal of the abandoned offenses. See *Mount Pleasant* v. *State,* 14 Ohio, 295, 45 Am. Dec. 542; *People* v. *Hamilton* (Cal.), 32 Pac. 526; *State* v. *Price,* 127 Iowa, 301, 103 N. W. 195. "Jeopardy attaches from the time a jury is sworn." *Schrieber* v. *Clapp,* 13 Okl. 215, 74 Pac. 316.

E. S. Clark, Attorney General, Robert E. Morrison, District Attorney, and P. Tillinghast, for Respondent.

It is the duty of the court to declare the legal effect of the record offered by the defendant to sustain his pleas, and the court has the right to take from the jury all evidence offered, if, as a matter of law, it is not sufficient to sustain the pleas, and instruct the jury to disregard them. *Simco* v. *State,* 9 Tex. App. 338; *Brown* v. *State,* 7 Tex. App. 619; *Pickens* v. *State,* 9 Tex. App. 272; *State* v. *Rosa,* 72 N. J. L. 462, 62 Atl. 696; *State* v. *Williams,* 43 Wash. 505, 86 Pac. 848; *People* v. *Clark,* 67 Cal. 99, 7 Pac. 178; *People* v. *Ammerman,* 118 Cal. 23, 50 Pac. 16; *People* v. *Cummings,* 123 Cal. 269, 55 Pac. 899; *Johnson* v. *State,* 34 Tex. Cr. 115, 29 S. W. 473.

There being two separate and distinct crimes shown in the evidence in the first trial, and by the defendant's motion the court having directed the prosecution to elect as to which crime it would proceed under, and the territory having elected to proceed on one charge, an acquittal upon that charge does not sustain the plea of jeopardy or former acquittal on the other charge. *Joy* v. *State,* 14 Ind. 139; *State* v. *Jesse,* 20 N. C. 98; *Teat* v. *State,* 53 Miss. 439, 24 Am. Rep. 708; *State* v. *Hackett,* 47 Minn. 425, 28 Am. St. Rep. 380, 50 N. W. 472; *State* v. *Manning,* 168 Mo. 418, 68 S. W. 341; 1 Bishop's New Criminal Practice, sec. 816, subds. 5, 6.

NAVE, J.—On November 23, 1904, James P. Storm was indicted in the district court of Yavapai county under a charge of appropriating to his own use on November 9, 1904, $15,316.53, public moneys of Yavapai county, in his official possession as county treasurer, the indictment being framed under section 398 of the Penal Code of 1901. Upon this indictment he was tried and acquitted. The evidence for the prosecution tended to show distinct appropriations by Storm of $1,000 in the year 1902, of $1,000 in the month of April,

1903, and of several thousand dollars on or about November 9, 1904. On demand of the defendant and the direction of the court the prosecution elected to stand upon the appropriation of November 9, 1904, and the appropriation then in issue. On November 8th Storm had been found bound and gagged in his office. His defense was that at that time he had been robbed by two armed and masked men, and that the money of which he was shown to be short in his accounts had been stolen by these men. The court instructed the jury in that case: "I charge you that there is evidence tending to show several distinct takings of public money by the defendant. Under the law the prosecution was required to elect, and did elect, which of these should be the basis for the verdict in this case. The district attorney has elected to stand upon the charge of the appropriation of money on or about the ninth day of November, 1904, the precise time being, as I have already charged you, immaterial. The proof, therefore, of the taking by the defendant of the sum of $1,000 during the year 1902, and the taking by the defendant some time during the year 1903 of another $1,000, is to be considered by the jury in its bearing upon the probable truth of the charge of an unlawful appropriation of public moneys by the defendant on or about November of the year 1904; that is to say, the evidence of other takings of money than that which constitutes the specific charge upon which a verdict is to be asked is to be regarded only by the jury as evidence indicating the presence or absence of a motive for the taking of public money and the appropriation of the same to the defendant's use on or about November 4, 1904, and for the purpose of indicating or showing the presence or absence of a state of mind on the part of the defendant competent to commit the offense charged against him, and upon which the verdict is asked. . . . The defendant, as a defense to the charge in the indictment, has offered evidence tending to prove that on November 8, 1904, he was robbed, and that the money he is charged with appropriating to his own use was taken from him by force and violence, and against his will and consent. . . . Even though the jury believe from the evidence that the defendant did appropriate of the public moneys of Yavapai county $1,000 in 1902, another $1,000 in 1903, still you cannot find the defendant guilty, unless you are satisfied from the evidence beyond a reasonable doubt that the defendant appropriated some of

the county's money at the time or about the time and in the manner relied on by the prosecution."

On November 15, 1905, Storm was again indicted under a charge identical in form and substance with the indictment just described, except that the misappropriation was charged to have been on April 10, 1903, in the sum of $1,000. To this indictment Storm pleaded not guilty, former acquittal, and once in jeopardy, the latter two pleas being based upon his trial and acquittal upon the first indictment above described. The evidence for the prosecution in this case tended to show that the deputy county treasurer found the cash $1,000 short in April, 1903; that the defendant, Storm, produced his personal check drawn in favor of the county for the sum of $1,000 which he stated he was keeping among the county funds to represent the shortage; that upon several subsequent quarterly examinations of the treasurer's funds by the board of supervisors the $1,000 check was removed, and $1,000 borrowed for the occasion was temporarily substituted for it by Storm, the cash being again removed after such examinations and the check replaced. Upon the issues raised by the pleas of former acquittal and once in jeopardy the record of the trial on the first indictment was placed in evidence. With respect to those pleas the court charged the jury: "I charge you as a matter of law that the evidence does not sustain either of these pleas, so that the sole question for this jury to decide is whether or not the defendant is guilty as charged in the indictment." Storm was convicted, sentenced, and from the judgment has appealed. The only verdict returned by the jury was the verdict of guilty.

The errors urged are (1) that the acquittal of Storm upon the first indictment was a bar to his prosecution upon the second, and therefore that the instruction of the court to the contrary was error; (2) that pleas of former acquittal and once in jeopardy raise issues of fact for the jury, wherefore the court was in error in instructing the jury that such pleas were not sustained; (3) that pleas of former acquittal and once in jeopardy raise issues of fact which must be resolved by formal verdicts, hence that the instruction of the court that the sole question for the jury to decide is whether or not the defendant is guilty, coupled with the failure of the jury to return a verdict upon those pleas is error; (4) that the court committed error in sentencing Storm by denominating the offense of which he was convicted "embezzlement."

1. Section 885 of the Penal Code of 1901 provides that: "When the defendant is convicted or acquitted, or has once been placed in jeopardy upon an indictment, the conviction, acquittal or jeopardy is a bar to another indictment for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under the indictment." Appellant's contention, quoting from his brief, is that: "Time and amount being immaterial, clearly proof under the first indictment that defendant misappropriated $1,000 or any sum of the county's funds would have procured a conviction; and defendant 'might have been convicted under the indictment.' . . . Under this indictment appellant was charged with all of his shortage during his term of office, and was tried for it, and the offense being single, no act of the court or defendant could split it up. The prosecution could carve but one offense out of it."

The matter here presented is difficult to treat without a much extended opinion. To avoid writing "a general treatise," as expressed in a similar case (*Ex parte Nielsen*, 131 U. S. 190, 9 Sup. Ct. 672, 33 L. Ed. 118), we shall go but little beyond the statement of our conclusion. Extended consideration of the questions involved with citation of authorities may be found in *State* v. *Price*, 127 Iowa, 301, 103 N. W. 195 (upon which decision appellant greatly relies) ; 1 Bishop's New Criminal Law, secs. 1051, 1065, inclusive; *State* v. *Colgate*, 31 Kan. 511, 47 Am. Rep. 507, 3 Pac. 346; *Dill* v. *People*, 19 Colo. 469, 41 Am. St. Rep. 254, 36 Pac. 229. The illustrations given by Mr. Justice McLain in his dissenting opinion (concurred in by the Chief Justice) in *State* v. *Price, supra,* of the successive larceny from the same owner of several different horses and the successive embezzlement of different sums of money belonging to the same owner, are apt and convincing. The rule expressed by the majority opinion in that case, and by a great many other decisions, that the test of once in jeopardy is whether if what is set out in the second indictment had been proved under the first there could have been a conviction, or whether the first indictment was such that the accused might legally be convicted under it by proof of the same facts as those by which the second is to be sustained, may avail to determine correctly a great many cases. It is not at all uncommon for proof of collateral but distinct crimes to be offered in evidence in support of the charge on

trial, and identically the same evidence is often appropriate
to secure convictions of each of such crimes under separate
indictments.   It is not difficult to perceive that such proof
might become available even in a larceny case.   If, taking Mr.
Justice McLain's illustration, the defendant shall have stolen
at intervals a number of different horses from the same owner,
but his defense be that, while he took the animal, he did so
under an honest belief that it was his own, proof of the other
thefts would be admissible to negative the honest belief.   Yet
we know of no authority which goes so far as to say that by
reason of his acquittal of the theft of one of the horses the
defendant could not be convicted of the theft of ˛any one of
the others.   Furthermore the several indictments for the theft
of the several horses would, unless the horses were unneces-
sarily described, be in identical terms varying only as to dates,
which by the law in this territory as well as in other juris-
dictions need not be proved as charged.   Hence, upon the
face of the indictments, there would be no possibility of dis-
tinguishing the different charges, and the proof of any one
of the several larcenies should procure a conviction under .
any one of the indictments.

An illustration more apt for the present case readily sug-
gests itself in a series of forgeries, each one of which might
be the subject of an indictment, but all of which would un-
doubtedly be adduced in evidence upon the trial of each
charge.   The problem of once in jeopardy would have to be
solved in such instances by appeal to another rule urged in
the dissenting opinion, *supra,* and presented by many authori-
ties as the appropriate test, to wit, that the identity of trans-
actions is the controlling consideration.   There is nothing in
the indictments to distinguish the two charges which we are
considering, because neither the amounts charged to be em-
bezzled nor the dates of the misappropriations need be proved
as laid.   If Storm misappropriated $1,000 in the year 1902,
a second $1,000 in 1903, and a third sum of several thousand
dollars in 1904, each of these misappropriations was a sep-
arate and distinct embezzlement.   It is unchallengeable that,
if he had been indicted and convicted or acquitted for the
misappropriation of 1902 prior to the misappropriation in
1903, and after the latter misappropriation had been indicted
therefor, his former conviction or acquittal would not be a bar
to the prosecution of the latter indictment.   Similar conclu-

XII Ariz.—3

sions would be reached if, after conviction or acquittal upon this latter indictment, the misappropriation of 1904 and an indictment therefor should follow. We cannot perceive that the result ought to be different if the several indictments are found after all of the misappropriations. This is not a continuing offense, but is one in which each misappropriation is a distinct crime. The fact that all were adduced in evidence at the trial of the first indictment, and that the prosecution could have elected to rely upon the misappropriation of April, 1903, instead of that of November, 1904, ought not in our judgment to bar the prosecution under this second indictment. The court's instruction that, as a matter of law, the evidence does not sustain the pleas of former acquittal or once in jeopardy, was sound.

2. As to the propriety of giving such an instruction we are satisfied that, where there is no dispute of fact to be resolved, it is the duty of the court to direct the verdict under such pleas. *People* v. *Ammerman,* 118 Cal. 23, 50 Pac. 16; *People* v. *Cummings,* 123 Cal. 269, 55 Pac. 899; *State* v. *Pritchard,* 16 Nev. 101; *Martha* v. *State,* 26 Ala. 72.

3. The only verdict returned by the jury was one finding the defendant guilty as charged in the indictment. Section 894 of the Penal Code provides: "An issue of fact arises: . . . (2) Upon a plea of former conviction or acquittal of the same offense. (3) Upon a plea of once in jeopardy." Section 895 prescribes that "issues of fact must be tried by jury, unless a trial by jury be waived in criminal cases not amounting to felony, by consent of both parties expressed in open court and entered in its minutes." By section 971 it is provided "upon a plea of former conviction or acquittal of the same offense (the verdict) is either 'for the territory' or 'for the defendant.'" Appellant contends that the instruction of the court above quoted directing that "the sole question for this jury to decide is whether or not the defendant is guilty as charged in the indictment," and the failure of the jury to return a verdict upon the pleas of former acquittal and once in jeopardy, are errors fatal to the judgment; citing *People* v. *Kinsey,* 51 Cal. 278; *People* v. *Helbing,* 59 Cal. 567; *People* v. *Fuqua,* 61 Cal. 377; *People* v. *Tucker,* 115 Cal. 337, 47 Pac. 111; *State* v. *O'Brien,* 19 Mont. 6, 47 Pac. 103; *State* v. *Creechley,* 27 Utah, 142, 75 Pac. 384; *Solliday* v. *Commonwealth,* 28 Pa. 13. Formally viewed, the portion of the court's instruction complained of was erroneous, and the defect of such ver-

dict is error. The instruction should have directed the jury to return a verdict upon these special pleas "for the territory," and such a verdict should have been returned. Yet manifestly the error worked no injustice to the defendant. We find in section 1174 of the Penal Code that "neither a departure from the form or mode prescribed in respect to any . . . proceedings, nor an error or mistake therein, shall render the same invalid, unless it shall have actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right." It is here manifest that not only no substantial right of the defendant was prejudiced, but that not even a fanciful injury has been done him. The special pleas interposed by the defendant, and the evidence offered in their support, were considered and ruled upon. In the state of the record with respect to these pleas, matters of law alone were presented. These were correctly determined. The verdict of the jury, which the court lawfully should direct, would have been but the formal carrying out of the court's adjudication of the legal merits of the defense. To reverse the judgment and remand the case for a retrial would be to give the defendant an opportunity to have the charge against him passed upon by a different set of twelve men, but would not have effect to secure to him any right or privilege which was not fully accorded to him upon the trial now reviewed. If section 1174, just quoted, is to have application, here is a fitting application. The error not being prejudicial, or in the remotest degree tending to be prejudicial to the defendant, the judgment will not be reversed by reason thereof. *State* v. *Williams*, 43 Wash. 505, 86 Pac. 847; dissenting opinion in *State* v. *Creechley*, 27 Utah, 142, 75 Pac. 385.

4. The judgment and sentence of the court denominated the crime for which the defendant was indicted and convicted as embezzlement. It is contended that this is erroneous; that the crime is not embezzlement. That portion of section 398 of the Penal Code under which the defendant was indicted and convicted reads: " . . . Every officer . . . of any county, . . . of this territory, . . . charged with the receipt, safekeeping, transfer or disbursement of public moneys, who, . . . without authority of law, appropriates the same or any portion thereof to his own use, . . . is punishable," etc. By section 457 embezzlement is defined to be the "fraudulent appropriation of property by a person to whom it has been intrusted."

The appropriation by a county treasurer to his own use, without authority of law, of public moneys in his official possession, is fraudulent, and is therefore embezzlement. Therefore the judgment and sentence of the court are not erroneous in describing the offense of which the defendant was convicted as embezzlement.

The judgment is affirmed.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.