(March 13, 1914.)

## STATE, Respondent, v. SYLVENUS GUTKE, Appellant.

[139 Pac. 346.]

CRIMINAL LAW—PLEA OF FORMER ACQUITTAL—NEGLECT OF JURY TO RENDER VERDICT ON—SEC. 7230, REV. CODES, CONSTRUED.

1. Under sec. 7230, Rev. Codes, where an act or an omission to act constitutes a violation of different statutes and may be punished under any one of them, the state may elect under which of such statutes it will prosecute the offender, but when the facts of the transaction are once submitted to a jury under the charge that it is in violation of a specific penal statute of the state, and the jury has returned a verdict thereon, any further prosecutions for the commission of that particular act under other statutes are prohibited.

2. Section 7230, Rev. Codes, is directed against more than one prosecution for the same "act or omission" rather than the "same offense," and where the criminal act which is the subject of prosecution consists in selling two specific bottles of beer on a given date, and under the facts of the case prosecution may be had either under the statute prohibiting the sale of intoxicating liquor to minors or under the statute prohibiting the sale of intoxicating liquor in a prohibition district, the circumstance that it is not necessary to prove the same facts upon one prosecution that must be proven in

the other makes no difference in the real act itself and cannot make it consist of more than one transaction.

3. The court takes judicial notice of the existence of a prohibition district, and that fact need not be proven upon the trial of one prosecuted for selling intoxicating liquor in such district.

4. Where a defendant on a criminal trial enters a plea of not guilty and also of former acquittal, the jury should be instructed by the trial judge to render a verdict on both pleas, and it is error for the court to accept a verdict of guilty without also requiring the jury to return a verdict on the defendant's plea of former acquittal.

5. Where the plea of former acquittal has been entered by a defendant in a criminal case, no judgment of conviction can be sustained unless the jury has passed on such plea of former acquittal adversely to the defendant.

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

Prosecution for the crime of selling intoxicating liquors in a prohibition district. Judgment of guilty, from which defendant appeals. *Reversed.*

C. S. Beebe and William A. Lee, for Appellant.

Sec. 7756, Rev. Codes, is identical with sec. 1017 of Kerr's California Penal Code, and has been frequently construed by the courts of that and other states having similar provisions. (*People v. Kinsey,* 51 Cal. 278; *People v. Fuqua,* 61 Cal. 377; *People v. Helbing,* 59 Cal. 567; *People v. Hamberg,* 84 Cal. 468, 24 Pac. 298; *People v. Eppinger,* 109 Cal. 294, 41 Pac. 1037; *People v. Tucker,* 115 Cal. 337, 47 Pac. 111.)

J. H. Peterson, Attorney General, T. C. Coffin, Assistant, and J. E. Good, Prosecuting Attorney, for Respondent.

We do not believe that sec. 7230 applies to a case such as the case at bar, but that it is rather intended to apply to that class of cases where the same offense is made punishable in different ways, as, for instance, by fine under one statute and by imprisonment under another. The infliction of one

punishment would necessarily be a bar to the other. This section is evidently one of the numerous saving sections, which a wise legislature has put in our statute to guard against ill-considered legislation by subsequent legislatures whereby additional penalties are prescribed for offenses for which penalties already existed. (17 Am. & Eng. Ency. Law, 596–598; *Wright v. State,* 17 Tex. App. 152.)

If the plea of the defendant of former acquittal is legally insufficient, the lower court did right in refusing to submit it to the jury. (*Shubert v. State,* 21 Tex. App. 551, 2 S. W. 883; *Johnson v. State,* 34 Tex. Cr. 115, 29 S. W. 473; *Hite v. State,* 9 Yerg. (Tenn.) 357, 366; *Pickens v. State,* 9 Tex. App. 270; *State v. Lee,* 46 La. Ann. 623, 626, 15 So. 159; *State v. Shaw,* 5 La. Ann. 342; *State v. Mcekins,* 41 La. Ann. 543, 6 So. 822; *State v. Paterno,* 43 La. Ann. 514, 9 So. 442; *Gormley v. State,* 37 Ohio St. 120.)

If the evidence required to convict under the first indictment would not be sufficient to convict under the second indictment, but proof of an additional fact would be necessary to constitute the offense charged in the second indictment, then the former conviction or acquittal could not be pleaded in bar to the second indictment. (*Blair v. State,* 81 Ga. 629, 7 S. E. 855; *Arrington v. Commonwealth,* 87 Va. 96, 12 S. E. 224, 10 L. R. A. 242; *Smith v. State,* 105 Ga. 724, 32 S. E. 127; *Ruble v. State,* 51 Ark. 170, 10 S. W. 262; *State v. Gapen,* 17 Ind. App. 524, 45 N. E. 678, 47 N. E. 25; *State v. Wheeler,* 62 Vt. 439, 20 Atl. 601; *State v. Miller,* 63 Kan. 62, 64 Pac. 1033; *State v. Magone,* 33 Or. 570, 56 Pac. 648; Woolen & Thornton on Intoxicating Liquors, sec. 966; 12 Cyc. 280.)

AILSHIE, C. J.—In this case the defendant was tried and acquitted upon the charge of selling two bottles of beer on the 13th of August, 1911, in Bingham county, to a minor in violation of the law which makes it a misdemeanor to sell intoxicating liquor to a minor. He was thereafter charged upon the same act and transaction with selling intoxicating liquor in Bingham county in violation of the local option statute, which makes it a misdemeanor to sell intoxicating

liquor within a prohibition district. On the trial of the latter charge the defendant plead "not guilty" and "former acquittal," his plea of former acquittal being based on his trial and acquittal for selling intoxicating liquor to a minor.

The only question with which we are confronted on this appeal is whether this second conviction is in violation of section 7230 of the Rev. Codes of this state. That section reads as follows:

"An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Our attention has only been called to one statute which is in any way similar to the foregoing, and that is section 654, Kerr's California Penal Code, which is in the exact language of our statute, except that it has added thereto some reservations and exceptions. So far as we have been able to find, there is no decision of the California court that throws any light upon the inquiry which confronts us.

It should also be remembered upon the very threshold of our investigation of this case that our statute differs materially and essentially from the provisions of sec. 13, art. 1, of the state constitution, and the like provision of the federal constitution which provides that "no person shall be put twice in jeopardy for the same offense." It should therefore be remembered, upon the very outset, that decisions from courts which discuss the foregoing constitutional provision with reference to being put "twice in jeopardy" for the same offense are in no essential respect applicable to the statute here under consideration. The constitutional provision deals with the subject of putting a defendant twice in jeopardy for the *same offense.* On the other hand, the statute (sec. 7230) above quoted is not dealing with the "same offense," but the same "act or omission." In other words, the legislature has said that where an *act* or an *omission* to act is a violation of different statutes of this state and may be pun-

ished under several statutes, the state may elect as to the statute under which it will prosecute the party, but "in no case can" such party "be punished under more than one" statute. This statute appears to have been adopted from California by the 1872 codes, and it was first introduced into the Idaho statutes in the 1887 Revised Statutes. The com- mission which proposed the Revised Statutes of 1887 of this territory was composed of some of the ablest lawyers in the territory, and they were undoubtedly familiar with the con- flicting decisions and diversity of opinion among lawyers and judges as to just when a party can be legally said to have been "once in jeopardy" under the constitutional provision and when he may be again tried for the commission of the same act which is a violation of another statute, and, in our opinion, it was for the purpose of setting this question at rest, so far as any conflict might arise in Idaho, that this statute was adopted. This was before the admission of the state and the adoption of the constitution, and the legislature accordingly directed its prohibition against twice prosecut- ing a man for the same "act or omission," although that act or omission might be a violation of *several statutes* and there- fore constitutes *several offenses.*

In the case at bar, it is admitted and conceded by all par- ties that the act for which the appellant has been twice prose- cuted consisted in selling two bottles of beer in Bingham county on the 13th day of August, 1911. The first prosecu- tion was for making the sale to a minor. The jury acquitted the defendant on that charge. It may be that that acquittal was the result of the jury finding that the person to whom the sale was made was not a minor and still they might have been satisfied that a sale was made. The next prosecution was for the same act, by charging that the sale was made in a prohibition district, Bingham county then being a "dry" county. The jury believed this charge and convicted the defendant. The state had a clear right to make its election as to which offense it would prosecute the defendant for com- mitting, but when the facts of the transaction were once submitted to a jury under a charge that they were a viola-

tion of a penal statute of the state and the jury returned a verdict thereon, it was clearly the intention of the legislature by the provisions of sec. 7230 to forbid and prohibit any further prosecutions *for the commission of that particular act.* The fact that it was not necessary to prove the same facts upon one trial that must be proven upon another makes no difference in the real act itself and does not make the act consist of more than one transaction, nor does it render it divisible or change the facts and circumstances which go to make up the act of selling two specific bottles of beer on a given date.

The court takes judicial notice of the existence of a prohibition district and so that fact does not have to be proven. (See *State v. Schmitz,* 19 Ida. 566, 114 Pac. 1.)

The only case that we have found which is directly in point on this question is *State v. Gapen,* 17 Ind. App. 524, 45 N. E. 678, on rehearing 47 N. E. 25. In that case the defendant was first prosecuted and acquitted upon the charge of selling liquor *to a minor* and subsequently tried and convicted for selling liquor *without a license.* The Indiana appellate court sustained the conviction, but the opinions in that case disclose that the discussion was had over the question of a person being twice put in jeopardy "for the same offense," and the argument and reasoning of the court revolves about that phase of the question, which makes it clear that if the court had been discussing a statute dealing with the "same act" instead of the "same offense," it would have reached a different conclusion and would have, in our opinion, judging from their line of reasoning, reversed the judgment of conviction. The original opinion in *State v. Gapen* was based squarely upon the provision of the Indiana constitution, which reads as follows: "No person shall be put in jeopardy twice for the same offense." Even under a constitutional provision like this which is to be found in all the states, the majority of the courts have held to the views we have above expressed.

A good illustration of this is to be found in *Cook v. State,* 43 Tex. Cr. 182, 96 Am. St. 854, 63 S. W. 872. The court in discussing the question of "once in jeopardy" said: "But

where there is one act, one intent, one violation . . . . then appellant cannot be convicted upon an act, intent and violation for which he has been previously acquitted."

In *State v. Colgate,* 31 Kan. 511, 47 Am. Rep. 507, 3 Pac. 346, defendant was indicted and acquitted of burning a mill. He was subsequently prosecuted for burning the books of account contained in the mill and pleaded a former acquittal. The supreme court of Kansas held that the plea was good and should have been sustained.

*State v. Price,* 127 Iowa, 301, 103 N. W. 195, is interesting in its discussion of the question of former jeopardy and has in it much reasoning that is applicable here. There the defendant had been tried and acquitted on the charge of rape on a female under the age of consent. He was subsequently tried and convicted upon the charge of incest, upon the same facts, however, as were involved in the previous case. The court divided on the question. The majority opinion was written by Mr. Justice Deemer, holding that the trial and acquittal on the first charge was a bar to the subsequent prosecution. Mr. Justice McClean, speaking for the minority of the court, dissented and held that the previous prosecution and acquittal was no bar. The dissenting opinion, however, dealt purely with the constitutional question of former jeopardy "for the same offense" and pointed out that there were two distinct *offenses* or *crimes* under the statute. (See, also, article entitled "Same Offense," vol. 4, Journal of Criminal Law and Criminology, p. 722.)

The foregoing cases to which we have called attention cite a multitude of authorities which discuss both sides of this question and well illustrate the diversity of opinion on the subject as it has been discussed under the uniform constitutional provision against being twice put in jeopardy for the same offense. As has been previously pointed out, however, our statute is directed against more than one prosecution for the same "act or omission" rather than for the "same offense.'

This brings us to the matter of pleas that were entered in this case. Defendant entered the plea of not guilty and also

the plea of a former acquittal. The jury returned a verdict of guilty and did not return any verdict on the plea of former acquittal. This was clearly erroneous. The court should have instructed the jury, under the provisions of sec. 7230, that it was their duty to find whether or not defendant had been previously acquitted on a charge of committing the same act for which he was being prosecuted in the present case, and the jury should have returned a verdict on that question. They might have been satisfied that the defendant was guilty of the charge preferred and at the same time have found that he had been once acquitted for the commission of the same act for which he was then being prosecuted in this case. Upon the return of a verdict of former acquittal for the same act, it would have been the duty of the trial court to enter judgment of acquittal and dismissal.

Sec. 7780 of the Rev. Codes provides that an issue of fact arises, first, upon a plea of not guilty; second, upon a plea of former conviction; and, third, upon a plea of once in jeopardy, and sec. 7781 provides that an issue of fact shall be tried by a jury unless a trial by jury be waived. A similar statute has received consideration by the supreme court of California on several occasions, and it has been held by that court that no judgment of conviction can be entered or sustained until the plea of former acquittal has been passed upon by the jury. (See *People v. Kinsey,* 51 Cal. 278; *People v. Fuqua,* 61 Cal. 377; *People v. Eppinger,* 109 Cal. 294, 41 Pac. 1037; *People v. Tucker,* 115 Cal. 337, 47 Pac. 111.)

It was clearly error for the court to accept the verdict of guilty in this case without also requiring the jury to return a verdict on the defendant's plea of former acquittal. Since, however, it is admitted by the state in this case that the same and identical act affords the cause of complaint in this prosecution that was involved in the former prosecution, there can be no occasion or reason for ordering a new trial.

The judgment must be reversed, and the defendant will be discharged, and it is so ordered.

Sullivan, J., concurs.

STEWART, J., Dissenting.—I am unable to concur in the opinion of the majority of the court. I take a different view of the entire case, and to state my views of the facts and the law requires that I state the facts and the law as shown by the record in this case.

The prosecuting attorney of Bingham county, Idaho, filed an information against the defendant charging the defendant as follows:

"The said Sylvenus Gutke, on or about the 13th day of August, 1911, at the county of Bingham and state of Idaho, and prior to. the filing of this information, did then and there wrongfully and unlawfully sell and deliver to one David Nelson, within a prohibition district of the state of Idaho, to wit: In the county of Bingham and state of Idaho, in violation of the law, certain intoxicating liquor, to wit: lager beer, to be used as a beverage, the said intoxicating liquor not being then and there sold upon the written prescription of a duly licensed physician of the state of Idaho, and the said David Nelson, not being then and there a registered pharmacist.

"That the said Sylvenus Gutke was examined upon said charge before a committing magistrate, to wit, J. H. Anderson, probate judge in said county of Bingham, and was by said magistrate held to answer said charge in this court.

"J. E. GOOD,

"Prosecuting Attorney, Bingham County, Idaho."

The witnesses were indorsed on the information, in accordance with law, and such information was filed with the county clerk November 13, 1911.

By stipulation of attorneys for defendant and the prosecuting attorney, the record shows that upon the trial of the defendant upon the charge alleged in the information filed by the prosecuting attorney the defendant plead to the charge made in the information prior to the impanelment of the jury: "1. Not guilty. 2. The defendant pleads that he has already been acquitted of the same offense charged by the judgment of the district court of the sixth judicial district

of the state of Idaho in and for Bingham county, rendered at Blackfoot, Idaho, on the 16th day of November, 1911."

Said pleas and each of them having been made in open court and entered in said cause, a jury was thereupon duly impaneled and sworn and said cause proceeded to trial. After the evidence was heard and instructions given by the court, the jury returned the following verdict:

"We, the jury duly sworn and empaneled in the above-entitled action find the defendant guilty as charged in the information.    .

"(Signed)    J. W. CHAPMAN,
"Foreman."

Exception is taken to the giving of plaintiff's requested instruction No. 6, which is in the following language:

"The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If the evidence, which is necessary to support the second information, was admissible under the former, related to the same crime, and was sufficient, if believed by the jury, to have warranted a conviction of that crime, the offenses are identical, but if the evidence in support of the second information is not sufficient to have warranted a conviction upon the former information, then the offenses are not identical."

Exception is also taken to instruction No. 1, which is as follows:

"You are instructed that the constitution of this state provides that 'No person shall be put twice in jeopardy for the same offense,' and that section 7356 of the Revised Code of this state provides that, 'No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted.' You are instructed that an act in a technical sense means something done voluntarily by a person, and of such a nature that certain legal consequences attach to it. You are instructed that

a crime or a public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, a punishment by imposition of a fine, or imprisonment, or other punishment. You are further instructed that under the laws of this state, section 7230 of the Revised Code, that 'An act or omission, which is made punishable in different ways by different provisions of this code, may be punished under either of such provisions, but in no case can it be punished under more than one; and acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.'

"In this case the defendant has pleaded specially that he has heretofore been tried and legally acquitted upon accusation under a different provision of the code of the act herein charged in a court of competent jurisdiction, to wit: The district court of the sixth judicial district of Idaho, in and for Bingham county, and the evidence has been introduced before you in regard to the said plea. You are charged that in order to sustain said plea you must be satisfied from the evidence that the act of which the defendant was formerly acquitted grew out of the identical act involved in this case; that is, that the act growing out of which the defendant was prosecuted and acquitted in said former case is the identical act upon which this prosecution is based; and the burden of proof is on the defendant to show by a preponderance of the evidence, by which is meant the greater weight and degree of credible testimony, that said acts were one and the same. If you are so satisfied, and so believe from the evidence, then it would be your duty to find for the defendant, and your verdict will be for the defendant.

"The court instructs the jury in the language of the statute that, 'No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted.'

"Section 7230. An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or

conviction and sentence, under either one bars a prosecution for the same act or omission under any other.

"Section 7761. Whenever the defendant is acquitted on the merits, he is acquitted of the same offense, notwithstanding any defect in form or substance in the indictment on which the trial was had.

"Section 7762. When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment, the conviction, acquittal, or jeopardy is a bar to another indictment for the offense charged in the former, or for an attempt to commit the same, or for an offense included therein, of which he might have been convicted under that indictment."

The record also shows in this case that the defendant was tried in the district court in and for the county of Bingham on the 15th and 16th of November, 1911, upon a complaint charging the defendant with the unlawful sale of two bottles of beer sold to one David Nelson on the 13th day of August, 1911, in the county of Bingham, state of Idaho, the said Nelson then and there being under the age of twenty-one years, all of which is contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Idaho. The prayer of the complaint is that a warrant be issued for the arrest of said Sylvenus Gutke and that he be dealt with according to law. Upon the trial the cause was submitted to a jury and the jury returned a verdict as follows:

"We, the jury duly sworn and impaneled in the above entitled action, find the defendant 'Not guilty.'

"(Signed)  JACOB GUSHWA,

"Foreman."

This verdict was recorded by the clerk and read to the jury who confirmed the same, and thereupon the court excused the jury from further consideration of said cause, and discharged the defendant.

Thereafter, on the 27th day of November, 1911, the same being a day of the regular term of said district court, Criminal Cause No. 1, entitled *"The State of Idaho, Plaintiff, v.*

*Sylvenus Gutke, Defendant,"* came regularly on to be heard before the court sitting with a jury, prosecuting attorney James E. Good, assisted by W. H. Witty, appearing for the plaintiff and certain other attorneys appearing for defendant.

The record then continues and states the title of the cause and the offense with which the defendant was charged, and that prior to the impaneling of the jury defendant entered a plea as follows: "Not guilty," and in addition thereto the following plea: "The defendant pleads that he has been acquitted of the same offense charged by the judgment of the district court of the sixth judicial district of the state of Idaho, in and for the county of Bingham, rendered at Blackfoot, Idaho, on the 16th day of November, 1911."

Said pleas and each of them, having been made in open court and entered in said cause, a jury was thereupon duly impaneled and sworn, and said cause proceeded to trial. The jury, after hearing all the evidence, offered by both the state and the defendant, and the argument of counsel and instructions of the court, retired, and on the 28th of November, 1911, returned into open court and presented the following verdict:

"We the jury, duly sworn and impaneled in the above entitled action, find the defendant 'guilty,' as charged in the information.

"(Signed)   J. W. CHAPMAN,

"Foreman."

Upon this verdict of "Guilty" the court entered judgment and sentenced the defendant to pay a fine of $100 and to be imprisoned in the county jail for the term of six months. The defendant within the time provided by law made a motion for a new trial, and set forth, *inter alia,* as grounds therefor, that said verdict of guilty and judgment thereon were contrary to law and against the evidence, for the reason that all of the evidence showed that the information and prosecution thereon, in Criminal No. 3, were for the same identical act, that is to say, the sale of the same two bottles of beer to the same person, David Nelson, at the same time and place as that charged in the information in this case, the

witnesses on behalf of the state in both cases being the same and testifying to precisely the same sale, the charge in Criminal No. 3, for which defendant was acquitted on the 16th day of November, 1911, being for the unlawful sale of intoxicating liquors to a minor, while the sale in this action, Criminal No. 1, upon which defendant was found guilty and sentenced as aforesaid, is for the alleged offense of selling intoxicating liquors in prohibition territory, and that all of the testimony related to, and was confined in each of said causes, to the same sale made to the same person and at the same time and place.

The defendant perfected an appeal from the judgment and the overruling of the motion for a new trial. Defendant's motion for a new trial was heard upon the agreed statement of facts, and was denied on the 12th of August, 1913; it was also agreed that this cause be heard upon appeal to the supreme court both from the judgment and from the order denying the motion for a new trial, upon the agreed statement; that both of the parties to this action so agree, in order to have it finally determined whether the defendant can be lawfully tried and convicted for the crime of selling intoxicating liquors in prohibition territory, after he has been previously tried and acquitted upon the charge of selling liquor to a minor, the alleged sale in each of said cases, respectively, being the same identical acts, the defendant having, by his special plea in this action, pleaded acquittal in said former action; and also as to whether or not judgment can be given against the defendant in this action, the jury having failed to make any finding upon his special plea of former acquittal. This statement of facts is signed by the prosecuting attorney and counsel for the defendant.

The record shows specifications of particulars in which the evidence is insufficient to sustain the verdict, and in which the verdict is against the evidence.

The errors of law assigned and excepted to by the defendant are as follows:

1. The verdict is contrary to law in this: That the defendant, having been once tried and acquitted for the alleged act,

or acts, of selling intoxicating liquors to a minor, could not again be tried for the same act, the sale of intoxicating liquors in prohibition territory.

2. The verdict is contrary to the instructions of the court in this: That the court instructed the jury in the language of the statute (sec. 7356, Rev. Codes) that no person can be subjected to a second prosecution for a public offense for which he has once been prosecuted, and convicted or acquitted, and that an act made punishable in different ways by different provisions of the code cannot be punished under more than one; an acquittal under either bars a prosecution for the same act or omission under the other; and that whenever the defendant is acquitted on the merits, he is acquitted of the same offense, notwithstanding any defect in form or substance in the indictment on which the trial was had, and that when the defendant is convicted or acquitted, or has been placed in jeopardy upon an indictment or conviction, acquittal or jeopardy is a bar to another indictment for the offense charged in the former or for an attempt to commit the same, or for an offense included therein of which he might have been convicted under the indictment.

3. The verdict is contrary to law in this: That the defendant has been subjected to a second prosecution for the same acts charged as a public offense for which he had once been tried and acquitted.

4. That there was misconduct of the jury in this: In its refusal to find for the defendant upon his special plea of former acquittal and once in jeopardy; and in its refusal to make any finding upon said pleas, or either of them.

5. The court erred in permitting said jury to return a general verdict without requiring it to make a finding upon the said special pleas submitted to said jury.

6. The court erred in not vacating and setting aside said general verdict.

7. The court erred in entering judgment upon said general verdict.

8. The court erred in denying defendant's motion for a new trial.

From an examination of the record in this case the evidence shows: (1) That the appellant, Sylvenus Gutke, was in Criminal No. 3 tried for the sale of two bottles of beer alleged to have been sold to a minor, one David Nelson at Shelley, Bingham County, Idaho, on the 13th day of August, 1911; that he was on the 16th of November, 1911, tried by the court sitting with a jury and acquitted by the verdict of said jury and discharged by the court upon said charge. The evidence in the case, Criminal No. 1, clearly and without any doubt, shows that Sylvenus Gutke was on the 28th day of November, 1911, tried by the court and a jury for the same identical act, that is, the sale of the same two bottles of beer, to the same person, David Nelson, at the same time and place, upon a charge of having sold intoxicating liquors in prohibition territory; that in this last-mentioned cause he specially pleaded, in addition to his plea of "Not guilty," said former acquittal in the same court on the 16th day of November, 1911; the evidence shows that the act or acts for which the defendant was tried in each case were, and are, identical in all particulars, it being the same sale to the same person at the same time and place.

(2) All of the evidence shows that defendant in this cause has been tried and acquitted for the same act, or acts, and all of the evidence shows that the jury in this cause should have found for the defendant upon his special plea of former acquittal; and there is no evidence against defendant upon his said special plea.

(3) The finding should have been for defendant, in this cause, Criminal No. 1, upon a special plea of former acquittal, and should have been "Not guilty" upon the general issue.

Error is also assigned because of the failure of the court to require the jury to file a verdict upon the special plea of the appellant.

Sec. 7755, Rev. Codes, is as follows: "There are four kinds of pleas to an indictment. A plea of: 1. Guilty; 2. Not guilty; 3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty; 4. Once in jeopardy."

The defendant pleads that he has been once in jeopardy for the offense charged, specifying the time, place and court.

This section of the statute is copied from the Penal Code of the state of California (Kerr's Cyc. Codes of Cal., vol. 4, sec. 1017). In this connection the above author has recited a history of this section and also cited cases construing and treating of the provisions of such act. The author treats the subject under the following headings: 1. In general; 2. Plea of guilty; 3. Plea of not guilty; 4. Pleas of former conviction or acquittal—Once in jeopardy.

Under the last-mentioned heading the following cases are cited: *People v. Bennett,* 114 Cal. 56, 45 Pac. 1013; *People v. McFarlane,* 138 Cal. 481, 71 Pac. 568, 72 Pac. 48, 61 L. R. A. 245.

Under the heading ''Once in Jeopardy,'' under the subheading ''Issue of Fact Raised by Plea,'' the author says: ''Where there is plea of not guilty and also plea of former conviction or acquittal, issues of fact are raised by both pleas, and defendant is entitled to verdict on both.'' (*People v. Kinsey,* 51 Cal. 278; *People v. Fuqua,* 61 Cal. 377; *People v. Le Yune Chong,* 94 Cal. 379, 29 Pac. 776; *People v. Eppinger,* 109 Cal. 294, 41 Pac. 1037.)

As to submitting the question to the jury, the author says: ''It is the duty of court to submit to jury issue raised by plea of former jeopardy, and to have it specifically passed on by that body, in addition to special finding upon plea of not guilty. (*People v. Hamberg,* 84 Cal. 468, 24 Pac. 298.)''

As to the nature of the plea, the author says: ''Plea of former conviction or of former acquittal is in no way dependent upon or interwoven with that of 'not guilty,' but is separate and apart therefrom. Therefore there is nothing to prevent trying of special plea separately. (*People v. Smith,* 121 Cal. 355, 11 Am. Cr. Rep. 108, 53 Pac. 802.)''

In the case of *People v. Tucker,* 115 Cal. 337, 47 Pac. 111, the court, reaffirming all of its previous holdings to this effect, says: ''Where defendant pleads 'not guilty' and 'once in jeopardy,' a conviction will be set aside if the jury failed to

find on the latter plea, unless the record shows that it was waived or withdrawn.''

The supreme court of California, in the case of *Emerson v. County of Santa Clara,* 40 Cal. 543, held: "A verdict of a jury in disobedience to the instructions of the court upon a point of law is a verdict against law." (*People v. Worden,* 113 Cal. 569, 572, 45 Pac. 844.)

In the case of *Ex parte Nielsen,* 131 U. S. 176, 9 Sup. Ct. 672, 33 L. ed. 118, Judge Bradley, in reviewing the authorities upon the questions discussed in this opinion, calls particular attention to former decisions of that court involving similar questions and concludes by saying:

"The books are full of cases that bear more or less upon the subject we are discussing. As our object is simply to decide the case before us and not to write a general treatise, we content ourselves, in addition to what has already been said, with simply announcing our conclusion, which is, that the conviction of the petitioner of the crime of unlawful cohabitation was a bar to his subsequent prosecution for the crime of adultery; that the court was without authority to give judgment and sentence in the latter case, and should have vacated and set aside the same when the petitioner applied for a *habeas corpus.''*

A motion of the defendant was filed within the time allowed by law, in which the defendant moved the court for a new trial and in the motion set forth, among other grounds, that said verdict of guilty and judgment thereon were contrary to law and against the evidence, for the reason that all of the evidence showed that the information and the prosecution thereon in Criminal No. 3 were for the same identical act, that is to say, the sale of the same two bottles of beer to the same person, David Nelson, at the same time and place as that charged in the information in this case.

The record shows that the appeal is from the court's order overruling the motion made by defendant for a new trial.

According to my views it is apparent that the verdict of the jury and the judgment of the trial court are contrary to law. The judgment should be reversed, and the judgment of the trial court should be set aside and a new trial ordered.